THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY SKIPPER,

    Plaintiff,

v.

                              No.      CIV-09-00521 ACT/CG

CITY OF ROSWELL, a municipal corporation;
and PETE HERNANDEZ, individually
and in his official capacity,

    Defendants.

## MOTION IN LIMINE TO EXCLUDE PROPOSED TESTIMONY OF DAMON FAY

Plaintiff Gary Skipper, through his attorneys Valdez and White Law Firm, LLC (Timothy L. White) moves the court to exclude the testimony of defendants' proposed police practices expert Damon Fay pursuant to Fed. R. Evid. 702, 704 and 403.

**I. BACKGROUND**

This case presents Gary Skipper's claims that he was unlawfully assaulted under New Mexico state law and that his assault by Pete Hernandez, a former Roswell Police officer, was excessive force violating his Fourth Amendment rights. Gary Skipper claims that he was knocked down without warning and without any legal justification by Pete Hernandez and then injured by further excessive

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

force when Hernandez placed his entire weight on the small of Mr. Skipper's lower back when handcuffing him. [1]

Defendants' have proposed the alleged expert testimony of Damon Fay that Hernandez' conduct was not excessive force nor illegal under state law.[2] The Court should exclude this proposed testimony as it violates Rules 702, 704 and 403, in that it usurps the jury and the Court's role in the trial of this case, is more prejudicial than probative under Rule 403 and offers judgments or conclusions on facts that are to be decided only by the jury, as shown below.

**II. ANALYSIS**

This Court is required under Fed. R. Evid. 702 to ensure that proposed alleged expert testimony is not admitted at trial unless it is both relevant and reliable.[3] Fed. R. Evid. 403 also requires that the relevance of such testimony must be weighed against "the danger of unfair prejudice, confusion of the issues, or misleading the jury". Although the Court need not consider a particular set of factors or use a particular procedure in making such determinations with respect to expert testimony, the Court's gatekeeping function regarding such testimony does require a record determination on such proposed testimony.[4]

Damon Fay's proposed alleged expert testimony is not relevant under the legal standard applicable to excessive-force cases. The Supreme Court and

---

[1] Complaint, paragraph 9; Exhibit A, page 9.
[2] Exhibit A, attached and incorporated here by reference, "Preliminary Report of Expert Damon Fay".

[3] Kumho Tire Co., Ltd. V. Carmichael, 526, U.S. `137, 141 (1999); Daubert v. Merrell-Dow Pharm., Inc., 509 Ul579, 592-93 (1993).
[4] Goebel v. Denver & Rio Grande W. R.R. Co., 215 F.3d 1083, 1088 (10th Cir. 2000).

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Tenth Circuit interpretation of the Fourth Amendment right to be free from excessive force will be provided to the jury in the Court's instructions. Those instructions will inform the jury of the the Fourth Amendment standard of "objective reasonableness" set out in Graham v. Connor.[5] Pete Hernandez' assault and battery on Gary Skipper will also be determined as unlawful based on its "reasonableness", because the intentional application of force to another person is battery where it is unlawful.[6], and police officers' liability for such battery depends on their good faith and whether they use more force than is reasonably necessary.[7]

Expert testimony on police procedures is not relevant or admissible to show the reasonableness an officer's conduct in the particular factual circumstances to be found by the jury. [8] The reasonableness of an officer's conduct must be assessed 'from the perspective of a reasonable officer on the scene,' recognizing the fact that the officer 'may be forced to make split-second judgments' under stressful and dangerous conditions."[9] Fay's discussion in his proposed opinions of whether Hernandez did or did not use a less intrusive alternative means of arresting Mr. Skipper does not necessarily mean that the officer's conduct was reasonable under the Fourth Amendment.[10] It follows that defendants may not present Fay's testimony on his opinion that Hernandez did

---

[5] 490 U.S. 396 (1989)
[6] N.M. Stat. Ann. Section 30-3-4.
[7] State v. Gonzales, 97 N.M. 607, 610 (Ct. App. 1982).
[8] See, e.g. Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001); Romero v. Bd. of County Comm'rs., 60 F.3d 702, 705 (10th Cir. 1995); Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995), abrogated on other grounds by Saucier v. Katz, 533 U.S. 194 (2001); Marquez v. City of Albuquerque, Civ. No. 01-445 WWD/LFG, slip. op. at 2-3 (D.N.M. Sept. 24, 2002)
[9] See Medina, 252 F.3d at 1131 (10th Cir. 2001) (quoting Graham, 490 U.S. at 396-97).
[10] See id. at 1133; Romero, 60 F.3d at 705; Wilson, 52 F.3d at 1554

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

not use excessive force to replace the legal standard of objective reasonableness defined by the Supreme Court and Tenth Circuit that will be contained in the Court's jury instructions. This proposed expert testimony does not assist the jury's understanding of the disputed evidence on how Hernandez touched Mr. Skipper, and any nominal relevance of such testimony to the pending claims in this case is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[11] The Court should find such testimony inadmissible under Fed. R. Evid. 702 or 403.

Determining whether Pete Hernandez' use of force was excessive is heavily fact-dependent. Either Pete Hernandez without warning struck Mr. Skipper to the ground d, or he took him to the ground in the least aggressive way described by Hernandez in his deposition, but testimony concerning police procedures, or reference to the Reactive Control Model "use of force" model will not assist the jury decision of which of those accounts of this incident are true. This proposed alleged expert witness' testimony cannot be admitted where it would usurp the jury's factfinding role in determining whether the applicable legal standard has been met in this case[12]

Fay's proposed testimony also impermissibly usurps the Court's role in instructing the jury on what that legal standard is.[13] Expert testimony on issues of witness credibility or areas of law covered by the Court's jury instructions is irrelevant in this case and raises a substantial danger of unfair prejudice,

---

[11] See, Marquez, Civ. No. 01-445 WWD/LFG, slip opinion at 2-3.
[12] United States v. Adams, 271 F.3d 1236, 1245-46 (10th Cir. 2001).

[13] Specht v. Jensen, 853 F.2d 805, 807-09 (10th Cir. 1988)

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

confusion of the issues, or misleading the jury prohibited by Fed. R. Evid. 403. Fay cannot legitimately testify, as he has done in his proposed opinion which version of Gary Skipper's assault by Hernandez is more credible, nor may he define the legal parameters of "objective reasonableness".

Defendants have been apprised of this motion by email, with pertinent authorities showing why Fay cannot testify in this case, but still oppose this motion.

For the reasons stated, Plaintiff requests that this motion be granted and the Court order that Damon Fay's proposed testimony be excluded.

Respectfully submitted,

VALDEZ AND WHITE LAW FIRM, LLC


 _Timothy L. White___
Timothy L. White
P.O. Box 25646
Albuquerque, N.M. 87125
Telephone: (505) 345-0289
Fax:         (505) 345-2573
Email: timothylwhitelaw@aol.com

CERTIFICATE OF SERVICE

This is to certify that this Motion was emailed to the following counsel of record on April 2, 2010:

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Bryan Evans
400 N. Pennsylvania Ave., Suite 1100
Roswell, N.M. 88201

　Timothy L. White
Timothy L. White

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com