IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GARY SKIPPER,**

    **Plaintiff,**

    **v.**                                 **No. CIV 09-521 ACT/CG**

**CITY OF ROSWELL, a municipal corporation;
ROBERT SMITH, individually and in his official
capacity; and PETE HERNANDEZ, individually
and in his official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Pete Hernandez's (hereafter "Defendant Hernandez") Motion in Limine Regarding Evidence of Character and Alleged Prior Acts ("Motion") [Doc. 35], Plaintiff Gary Skipper's ("Plaintiff's") Response [Doc. 41] and Defendant Hernandez's Reply [Doc. 57.] The primary issue is whether the Court should prohibit in limine Plaintiff's counsel from cross examining Defendant Hernandez regarding his guilty plea to a charge of Battery and Interference with Communications in connection with a physical dispute with and threats against his now ex-wife and whether he was truthful regarding the reasons he was terminated from the Roswell Police Department ("RPD"). For the reasons stated below, the Court will grant the Motion.

Plaintiff states in his Response [Doc. 41] that the sole purpose of this evidence is to show Defendant Hernandez's untruthfulness and willingness to lie under oath and claims it is

1

admissible pursuant to Fed.R.Evid. 608(b). [Doc.41 at p. 3.] He asserts that Defendant Hernandez lied under oath at his deposition about the reasons for his termination from the RPD and whether he battered or threatened his now ex-wife as evidenced by his guilty plea to Battery and Interference with Communications. [Doc. 35 at Ex.2.]

Fed.R.Evid. 608(b) provides that specific instances of conduct maybe inquired into on cross-examination "concerning the witness' character for truthfulness or untruthfulness." The Plaintiff argues that Defendant Hernandez's deposition testimony about the reasons he was terminated from the RPD are untruthful.  When asked why he was terminated from the RPD, Defendant Hernandez responded "[n]ot for the charges but the State of New Mexico suspended my license for five years." [Doc. 41-1 at p. 2.] When asked if this was the only reason, Defendant Hernandez responded "[y]es. I am no longer certified to carry a gun as of this moment." [*Id.*] However, in the same deposition, Defendant Hernandez referred Plaintiff's counsel to his termination documents as containing the reasons for his termination "in written form." [Doc.57 at pp. 4-5.] These documents clearly include reference to his plea of guilty to Battery and Interference with Communications and additional information regarding the domestic dispute as being an additional basis for his termination. [Doc. 57 at pp. 17-19.]   Thus, although one could argue that Defendant Hernandez was less than candid in some of his responses to Plaintiff's counsel's questions at his deposition he ultimately supplied all the relevant information.

Plaintiff also argues that Defendant Hernandez was untruthful in his deposition testimony about his domestic violence case. [Doc. 41-1 at 2 and Doc. 57 at p.6.] The Court finds that the snippet of deposition testimony presented as evidence of untruthfulness is completely inconclusive as to whether Defendant Hernandez was in fact being untruthful or whether he was

responding truthfully to a question "regarding whether his ex-wife's version of the events that led to his arrest disputes his own version," as his counsel argues. [Doc. 57 at p.6.]

Fed.R.Evid. 403 provides that evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury... ." Here, the domestic violence incident and guilty plea occurred months after the incident which gives rise to this case. More importantly, Defendant Hernandez's deposition testimony regarding the domestic violence incident, his plea and its effect on his position with RPD is not clearly untruthful. Furthermore, such evidence has the potential to prejudice the jury's consideration as to whether Defendant Hernandez acted reasonably during the events which gave rise to this lawsuit. Therefore, the Court finds that the probative value of whether Defendant Hernandez's deposition testimony was truthful regarding the domestic dispute with his wife and the reason for his termination from the RPD is outweighed by the potential prejudicial effect of its admission.

**IT IS ORDERED** that Defendant Hernandez's Motion In Limine regarding Evidence of Character and Alleged Prior Acts [Doc. 35] be granted. Plaintiff Gary Skipper will not be permitted to introduce evidence pertaining to Defendant Hernandez's misdemeanor guilty plea to charges of Battery and Interference with Communications or whether his testimony was truthful regarding the reasons for his dismissal from the Roswell Police Department.

_____
ALAN C. TORGERSON
United States Magistrate Judge