IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GARY SKIPPER,**

    **Plaintiff,**

    **v.**                                                    **No. CIV 09-521 ACT/CG**

**CITY OF ROSWELL, a municipal corporation;**
**ROBERT SMITH, individually and in his official**
**capacity; and PETE HERNANDEZ, individually**
**and in his official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Pete Hernandez's (hereafter "Defendant Hernandez") Second Motion in Limine ("Motion") [Doc. 53] and Plaintiff Gary Skipper's Response [Doc. 70]. Because trial is imminent, the Court will issue its ruling on this Motion without the benefit of a Reply which the Court does not think is necessary.

**A.   BACKGROUND**

Some seven months following the arrest of Plaintiff which is the subject of this lawsuit, Defendant Hernandez pled guilty to charges of Battery and Interference with Communications based on a domestic violence dispute with his now ex-wife. In its Memorandum Opinion and Order which is filed concurrently with this Order, the Court addressed Defendant Hernandez's Motion in Limine Regarding Evidence of Character and Alleged Prior Acts. [Doc.35] There, the Court ruled that the Plaintiff will not be permitted to introduce evidence at trial pertaining to Defendant Hernandez's misdemeanor guilty plea of Battery and Interference with Communications or evidence reflecting whether his testimony was truthful regarding the reasons

for his dismissal from the Roswell Police Department ("RPD").

Here, Defendant Hernandez seeks to exclude the following additional evidence as improper character evidence, irrelevant, and prejudicial: (1) evidence of other alleged acts of excessive force; (2) evidence that Defendant Hernandez attended a court ordered anger management course following his plea to the domestic violence charges; (3) evidence of Defendant Hernandez's termination from the Roswell Police Department ("RPD"); (4) evidence that Defendant Hernandez did not attend settlement conferences; (5) "evidence of irrelevant statements alleged to have been made by Defendant [Hernandez];" and (6) "evidence of Plaintiff's acquittal on charge of Resisting Arrest." [Doc. 53 at p.3.]

The Court will address each category of evidence in the order presented by the Defendant in his Motion.

    B.    **ANALYSIS**

    1.    Evidence of Other Alleged Acts of Excessive Force.

Defendant Hernandez states that, based on questions posed to him during his deposition, Plaintiff may seek to introduce evidence of other alleged acts of excessive force. [Doc. 53-1, at pp. 3-4]. The Court agrees with Defendant Hernandez that other alleged acts of excessive force, unrelated to the incident which is the subject of this trial, are not relevant in determining the reasonableness of his actions in this case.

"The federal courts have developed an extensive body of law regarding the use of excessive force and . . . discussed at length the evidence that [is admissible] in such cases." *Jonas v. Board of Comm'rs of Luna County*, ___ F.Supp.2d ___, WL 2010 1141373, *5- *6 (D.N.M. 2010). As noted by the Honorable Judge Browning in the *Jonas* opinion, the United States District Court for the District of New Mexico "has on multiple occasions applied the

*Graham v. Connor* [490 U.S. 286 (1989)] 'objective reasonableness' standard and excluded evidence regarding a police officer's use of force in unrelated incidents." (extensive citations omitted). *Id.* In *Jonas,* Judge Browning discussed in detail his decision in *Chamberlin v. City of Albuquerque*, No. CIV 02-0603 JB/ACT, 2005 WL 2313527, at *1- *2 (D.N.M. July 31, 2005)(Browning, J.). There, Judge Browning excluded evidence of the defendant officer's use of force "in prior and subsequent, unrelated incidents, and civil-lawsuit settlements." *Id.* at 6. There, as here, the plaintiff did not want to introduce the evidence of prior acts to show he violated the "objective reasonableness" standard, but rather to establish, among other things, credibility of the Defendant. *Jonas,* WL 2010 1141373 at *5-*6.

Plaintiff's Response [Doc.70] states that he will not seek to admit evidence on prior acts other than "as relevant to plaintiff's (sic)lying under oath." [*Id*. at p.5.] He does state that "if developments at trial make that evidence admissible . . . he will approach the bench and raise that issue with the Court." [*Id*.]

The Court agrees with Judge Browning's analysis and the well established standard in the District of New Mexico regarding the inadmissibility of evidence of an officer's use of force in "prior and subsequent, unrelated incidents, and civil-lawsuits." Here, Plaintiff's evidence of prior acts, and the purpose for its admission, is like that which was excluded in *Chamberlin v. City of Albuquerque*, No. CIV 02-0603 JB/ACT, 2005 WL 2313527, at *1. The Court did not admit evidence of prior acts of defendant in the *Chamberlin* trial on the grounds it was irrelevant to the determination of whether the defendant's actions were "objectively reasonably" under the *Graham v. Connor* standard and also it would be prejudicial and misleading under Fed.R.Evid. 403. This Court agrees with Judge Browning's reasoning in *Chamberlin* case and will exclude any evidence of prior acts of excessive force in this case for the same reasons.

      2.     <u>Evidence that Defendant Hernandez Participated in Court Ordered Anger Management Courses.</u>

Plaintiff's Response [Doc.70] also states that he will not seek to admit evidence on the attendance of Defendant Hernandez's at anger management courses other than "as relevant to plaintiff's (sic) lying under oath." [*Id*. at p.5.] Likewise, Plaintiff states that "if developments at trial make that evidence admissible . . . he will approach the bench and raise that issue with the Court." [Doc.70 at p. 5]. The Court will not admit evidence of Defendant's anger management courses in the trial of this case on the grounds this evidence is irrelevant to the determination of whether Defendant's actions were "objectively reasonably" under the *Graham v. Connor* standard, would be prejudicial and misleading under Fed.R.Evid. 403 and is possibly the subject of psychotherapist/patient privilege under federal common law.

      3.     <u>Evidence that Defendant Hernandez was Terminated from the Roswell Police Department.</u>

Plaintiff's Response [Doc. 70] "incorporates by reference" Plaintiff's Response to Defendant's Motion in Limine Regarding Evidence of Character and Alleged Prior Acts [Doc.41]. For the same reasons stated by the Court in its Memorandum Opinion and Order on Defendant Hernandez's Motion in Limine Regarding Evidence of Character and Alleged Prior Acts [Doc.35] which is filed concurrently with this Order, and because this evidence is irrelevant to the determination of whether Defendant Hernandez's actions were "objectively reasonable" under the *Graham v. Connor* standard and would be prejudicial and misleading under Fed.R.Evid. 403, the Court will exclude this evidence at the trial.

      4.     <u>Evidence that Defendant Hernandez did not Attend the Settlement Conference in this Matter.</u>

The Court will not admit evidence that Defendant Hernandez did not attend the

settlement conference in this matter on the grounds this evidence is irrelevant to the determination of whether Defendant's actions were "objectively reasonably" under the *Graham v. Connor* standard, and would be prejudicial and misleading under Fed.R.Evid. 403.

      5.      <u>Evidence of Statements Made by Defendant Hernandez to Other Bystanders.</u>

Defendant Hernandez seeks to exclude testimony from Sandra Skipper and Melissa Huebner regarding statements made to them by Defendant Hernandez during the arrest of Plaintiff. The Court will reserve ruling on the admissibility of this evidence until trial.

      6.      <u>Evidence of Plaintiff's Acquittal on Charges of Resisting Arrest.</u>

Plaintiff argues that Defendant Hernandez intends to present evidence regarding Plaintiff's arrest on charges of disorderly conduct and resisting arrest as a result of the incident which is the subject of this lawsuit and he believes that he is therefore entitled to show that he was eventually acquitted of the charges of resisting arrest. The acquittal of the Plaintiff on the charges of resisting arrest is not relevant to whether Defendant's actions in arresting him were objectively reasonable.

The Fourth Amendment does not require defendant officers to choose the least intrusive means to end the threat but rather only that they choose a "reasonable" method to end the threat "regardless of the availability of less intrusive alternatives." *Jonas* , WL 2010 1141373 at *6-*7. *See also United States v. Marquez*, 399 F.3d 1216 (10th Cir. 2005). To allow the evidence that Plaintiff was later acquitted of the charges of resisting arrest would potentially result in "Monday morning quarterbacking" by the jury and permit them to engage in "unrealistic second guessing of police officer's decisions." *United States v. Melendez-Garcia*, 28 F.3d 1046, 1052 (10th Cir. 2005).

The Court will not allow the introduction of evidence of Plaintiff's later acquittal of

charges of resisting arrest. The Court will reserve ruling on whether evidence of the charges against the Plaintiff will be admissible.

**IT IS ORDERED** that Defendant Pete Hernandez's Second Motion in Limine [Doc. 53] will be granted as discussed herein except for the proposed testimony of Sandra Skipper and Melissa Huebner, which evidence the Court will reserve ruling on until trial.

_____
ALAN C. TORGERSON
United States Magistrate Judge