IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GARY SKIPPER,**

    **Plaintiff,**

    v.                                                          **No. CIV 09-521 ACT/CG**

**CITY OF ROSWELL, a municipal corporation;
ROBERT SMITH, individually and in his official
capacity; and PETE HERNANDEZ, individually
and in his official capacity,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Gary Skipper's ("Plaintiff's") Motion in Limine to Exclude Proposed Testimony of Damon Fay [Doc. 40], Defendants City of Roswell and Pete Hernandez's ("Defendants" or "Hernandez") Response [Doc. 48] and Plaintiff's Reply [Doc. 68]. Plaintiff seeks to exclude the testimony of Defendant's proposed police practices expert Damon Fay on the grounds that Mr. Fay's proposed testimony is not relevant to Plaintiff's constitutional claim of excessive force.

Background

Plaintiff asserts that Hernandez used excessive force while arresting him in violation of his constitutional rights. He alleges that Hernandez "charged" the Plaintiff without any warning and pinned him to the ground while he put handcuffs on him. [Doc. 1 at ¶ 9.] Plaintiff seeks to exclude Defendants' expert's testimony on the grounds it is not relevant to his Fourth

Amendment claim and the "objective reasonableness" of Hernandez's actions.  He also asserts that the Mr. Fay's testimony would be prejudicial as well as misleading and therefore should be excluded under Fed.R.Evid. 403.

Defendants respond that the report of their expert is admissible to assist the jury in their deliberation with his  "specialized knowledge of law enforcement techniques, tactics and training." [Doc. 48 at p. 4.] Defendants state that Mr. Fay's testimony would

> . . . provide a jury with valuable insight and information they would not otherwise possess regarding what training an officer receives regarding the identification and management of threats and what techniques they are trained to employ to help manage the risk of personal injury to themselves and others.

[Doc. 48 at p. 2.][1]  In addition, Defendants argue that the expert's testimony will "provide specialized information" to help the jury in determining how an officer performs a "facedown stabilization technique and the benefits and disadvantages of such a technique when dealing with a potentially violent situation."  [*Id*.] Defendants rely heavily on Judge Browning's opinion in *Vondrak v. City of Las Cruces*, 2009 WL 3241555 (D.N.M. Aug. 25, 2009)(unpublished opinion).

Discussion

Fed.R.Evid. 702 imposes upon the trial judge an important "gate-keeping" function with regard to the admissibility of expert opinions.  *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 597 (1993).  Expert testimony must be both reliable and relevant.  *Id.*  Fed.R.Evid. 403

---

[1] Mr. Fay's expert report reflects that his testimony would be that ". . . the actions and methods to arrive [sic], control, arrest, restrain and prevent further harm were appropriate, necessary and reasonable under prevailing law and law enforcement standards.  The actions were in line with the RPD SOP regarding a police officer's use of force.  The officers of the Roswell Police Department acted reasonably given the rapidly and complex circumstances." [Doc. 40-10.]

requires that the Court weigh admission of relevant testimony against "the danger of unfair prejudice, confusion of the issues, or misleading the jury."

The Supreme Court has clearly established the general proposition that use of force is contrary to the Fourth Amendment if it is excessive under the standard of "objective reasonableness." *Graham v. Connor*, 490 U.S. 286, 399 (1989). Objective reasonableness requires an inquiry into "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Here, whether or not Defendants' actions conformed to "prevailing law and law enforcement standards . . . [or] . . . were in line with the RPD SOP regarding a police officer's use of force" [Doc. 40-10] is not relevant to an inquiry regarding constitutional liability under § 1983. *See Wilson v. Meeks*, 52 F.3d 1547, 1554 (10th Cir. 1995), *abrogation on other grounds recognized, Stuart v. Jackson*, 24 Fed. Appx. 943, 954 (10th Cir. 2001). Further, the reasonableness standard does not require that officers use alternative less intrusive means, *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005), nor do such claims depend on violations of state law or violations of police department procedure. *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001)(citations omitted); *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005).

Therefore, Defendants' expert's proposed testimony on the propriety and reasonableness of the arrest of Plaintiff is not relevant and will be excluded. "[C]itizens on a jury have the life experience and common sense to consider the facts and circumstances and determine if the actions taken by [Defendant] were 'objectively reasonable.'" *Marquez v. City of Albququerque,*

Civ.No. 01-445 WWD/LFG (Sept. 24, 2002) at p. 3.

Defendants' argument that the expert testimony is required to explain the "facedown stabilization technique" also fails. In *Vondrak*, Judge Browning permitted a law enforcement officer expert to testify that it is a "well established police tactic" to place a suspects hands "behind his back during a field sobriety test so that she could rear handcuff him" based "on the reality that the time of an arrest that is most dangerous [in a field sobriety situation] is when a suspect realized he is being taken into custody" and most assaults on officers occur during this phase of the detention. *Id.* at *18.  Judge Browning went on to state, however, that the expert may not

> testify that the technique was a well-established police practice, given the Tenth Circuit pendent that such testimony is irrelevant.  Furthermore, [the expert] may not say that [the defendant officer] acted reasonably, because such testimony involves the application of a legal standard to the facts. '[A]n expert may not state legal conclusions drawn by applying the law to the facts.'

*Id., quoting A.E. By and Through Evans v. Independent School Dist. No. 25, of Adair County, Okl.,* 35 F.2d 472, 476 (10th Cir. 1991).

The Court finds that Mr. Foy's testimony about implementing a "facedown stabilization technique. . . when dealing with a potentially violent situation," is inextricably intertwined with an evaluation and determination of the facts surrounding the arrest of Plaintiff and invades the province of the jury to determine if the Hernandez acted objectively reasonable during the arrest. In making this determination, the issue is not whether Hernandez used the minimum amount of force in arresting Plaintiff or whether he followed some well established police procedure. "This is because even if [the jury] found [Defendant] used more than the minimum about of force necessary and [followed police procedure], the jury could nonetheless find he acted reasonably." *United States v. Marquez*, 399 F.3d at 122 (citations omitted). Evidence of standard operating

procedure is not relevant to whether Hernandez's actions were objectively reasonable. The Fourth Amendment's reasonableness requirement "allows certain actions to be taken in certain circumstances, whatever the subjective intent." *Whren v. United States,* 517 U.S. 806, 813-14 (1996).

The Court also finds that Mr. Foy's testimony should be excluded pursuant to Fed.R.Evid. 403 as prejudicial to Plaintiff and confusing to the jury. Permitting the admission of Mr. Foy's testimony "would provide an 'anchor' or serve to 'frame' practices which the jury would likely use to determine what is objectively reasonable." *Marquez v. City of Albuquerque*, Civ. No. 01-445 WWD/LFG (Sept.24, 2002) at p. 3, *citing Medina*, 252 F.3d at 1133 (10th Cir. 2001).

Neither party discusses the relevance of the expert report to the Plaintiff's state law tort claim of assault and battery. However, because the standard for evaluating the state law claim is the same as the standard for evaluating constitutional claims, the Court finds that Mr. Foy's testimony is not relevant. New Mexico relies on the elements of civil battery in the Restatement (Second) of Torts. In *State v. Ortega*, 113 N.M. 437, 440, 827 P.2d 152, 155 (Ct. App. 1992), the New Mexico Court of Appeals stated that:

> [a]n actor is subject to civil liability for battery if . . . he acts intending to cause a harmful or offensive contact with the person of the other or third person, or an imminent apprehension of such contact, and . . . an offensive contact with the person of the other directly or indirectly results.

*Id.*, *quoting* Restatement (Second) of Torts.

"Police officers are not liable for battery if they acted in good faith and did not use more force than reasonably necessary to preserve the peace or effect an arrest." *Realivasquez v. City of Albuquerque*, No. Civ. 03-0015 MCA/KBM, Memorandum Opinion and Order at 9 (*citing*

*State v. Gonzalez*, 97 N.M. 607, 610, 642 P.2d 210, 213 (Ct.App. 1982); *Mead v. O'Connor*, 66 N.M. 170, 173, 344 Pl2d 478, 481 (1959)(applying, in battery case brought against a police officer, an objective reasonableness test that is similar to the test found in *Graham v. Connor).*

The Court additionally finds that a juror may easily confuse "the difference between a constitutional-right violation or state-law tort claim, and a violation of department standard operating policy, or police training, or both." *Jonas v. Board of Comm'rs of Luna County*, ___ F.Supp.2d ___, WL 2010 1141373, * 14  (D.N.M. 2010), *citing Tanberg v. Sholtis*, No. CIV 02-0348 LCS/LFG, Order on Motions in Limine at 6-8; *Marquez v. Scott*, No. CIV 01-0445 WWD/LFG, Memorandum Opinion and Order at 3. Accordingly, "[g]iven the likelihood that the jury could confuse legal and administrative standards," *Tanberg*, 401 F.3d at 1164,  the Court will also exclude the expert report with regard to Plaintiff's state law claims on the grounds it is likely to lead to confuse the jury.

**IT IS ORDERED** that Plaintiff Gary Skipper's Motion In Limine to Exclude Proposed Testimony of Damon Fay [Doc. 40] will be granted.  Defendants will not be permitted to introduce into evidence the expert testimony of Mr. Foy.

_____
ALAN C. TORGERSON
United States Magistrate Judge